# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 14-699V
### Filed: October 21, 2016

```
* * * * * * * * * * * * *
JAMILEH BERENJI and BAHMAN          *
YOUSEFI on behalf of S.Y.,          *
                                    *
                 Petitioners,       *
                                    *
v.                                  *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                 Respondent.        *
                                    *
* * * * * * * * * * * * *
```

UNPUBLISHED

Special Master Gowen

Interim Attorneys' Fees and Costs

Mary T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioners.
Sarah C. Duncan, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 4, 2014, Jamileh Berenji and Bahman Yousefi ("Petitioners") filed a Petition for compensation on behalf of S.Y. pursuant to the National Childhood Vaccine Injury Compensation Program. See 42 U.S.C. §§ 300aa- 1 et seq. (2012). Petitioners alleged that S.Y. suffered Evan's Syndrome, thrombocytopenia, autoimmune hemolytic anemia, seizures, pulmonary veno-occlusive disease, and giant cell hepatitis as a result of receiving influenza, MMR, varicella, and pneumococcal conjugate vaccinations on October 17, 2011. Petition at Preamble. The parties have submitted expert reports and an entitlement hearing is scheduled for August 14 and 15, 2017.

On September 26, 2016, petitioners filed a motion for interim attorneys' fees and costs, requesting $32,071.18 in attorneys' costs and $29,015.46 in attorneys' fees, for a total of $61,086.64 in attorneys' fees and costs. Petitioners' ("Pet.") Application ("App.") at 1; Pet.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

App, Ex. A at 31-32.  In accordance with General Order #9, petitioners' counsel states that petitioners did not incur any costs related to the prosecution of this petition.  See General Order #9 Statement.  Respondent filed a response to petitioners' application on October 14, 2016, stating that respondent "defers to the Special Master to determine whether or not petitioners have met the legal standard for an interim fees and costs award."  Resp. Response at 2.  Respondent states:

> [s]hould the Special Master conclude that an award of interim fees and costs is appropriate, respondent asserts that, based on a survey of interim fee awards in other cases and her experience litigating Vaccine Act claims, a reasonable amount for fees and costs in the present case, given its procedural posture, would fall between $35,000.00 and $40,000.00.

Id. at 3-4 (internal footnote omitted)(citing Holmes v. Sec'y of Health & Human Servs., No. 08-185V, 2011 WL 1043473, at *3 (Fed. Cl. Spec. Mstr. Feb. 28, 2011); Rich v. Sec'y of Health & Human Servs. No. 12-742V, 2015 WL 1743997, at *1 (Fed. Cl. Spec. Mstr. Mar. 26, 2015).  Respondent therefore requests that the Special Master "reduce petitioners' fees and costs in accordance with the law and exercise his discretion to otherwise determine a reasonable award for attorney's fees and costs within the range proposed by respondent."  Id. at 4.  Petitioners filed a reply on October 19, 2016.  This matter is now ripe for adjudication.

## I.    Interim Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs under 42 U.S.C. section 300aa-15(e).  In addition, interim attorneys' fees and costs are permissible under the Vaccine Act.  See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008); see also Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, a special master "may award an amount of compensation" for reasonable attorneys' fees and costs "if the special master . . . determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1)(B); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  Respondent "is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case," and the undersigned finds that the claim was brought in good faith and with a reasonable basis. Resp. Response at 2.

In Avera, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352. In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  This case was filed August 4, 2014, more than two years ago.  Because of constraints on the undersigned's time due to the volume of petitions currently in the Program, the entitlement hearing will not occur until August 2017, another ten months from present.  Petitioner in this case has obtained three expert reports from Dr. Eric Gershwin, and has retained him for hearing.  Following the entitlement hearing, this case will still need to proceed through the damages phase, which, because of the

complexity of this case, could take significant time in and of itself.  Accordingly, because of the protracted nature of these proceedings to date, the fact that costly expert reports have been obtained, and the fact that the ultimate resolution of the case will not occur for a significant time, the undersigned finds an award of interim attorneys' fees and costs appropriate at this time.

## II.    Reasonable Attorneys' Fees and Costs

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  The determination of reasonable attorneys' fees and costs is within the special master's discretion.  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters may rely on their prior experience in reviewing fee applications.  See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502 at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### i.    Hourly Rates

Petitioners request the following hourly rates:

Mark Sadaka:
$337.05 (2012-2013)
$350.00 (2014)
$362.95 (2015-2016)

Andrew Pinon:
$200.00 (2015)
$207.40 (2016)

Anna Sweeney:
$192.60 (2013)
$200.00 (2014-2015)

Nicole Clauberg:

$130.01 (2013)
$135.00 (2014-2015)

Keri Congiusti:
$140.00 (2012)
$130.01 (2013)
$135.00 (2014-2016)

Stephanie Keller:
$135.00 (2015)

Nashwa Shalaby:
$135.00 (2015)

Latashia Vauss:
$140.00 (2016)

Bria Wilson:
$135.00 (2015)
$140.00 (2016)

Crystal Abisdid:
$135.00 (2015)
$140.00 (2016)

Alexa Rivera:
$135.00 (2014)

See Pet. App. at 31.

The issue of reasonable forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Pursuant to McCulloch, the following ranges of rates for 2014-2015 are appropriate depending on an attorneys' years of experience:

- $350 to $425 per hour for attorneys with more than 20 years of experience
- $300 to $375 per hour for attorneys with 11 to 19 years of experience
- $275 to $350 per hour for attorneys with 8 to 10 years of experience
- $225 to $300 per hour for attorneys with 4 to 7 years of experience
- $150 to $225 per hour for attorneys with less than 4 years of experience
- $145 per hour for law clerks
- $135 per hour for paralegals

McCulloch, 2015 WL 5634323, at *19, *21.

Mr. Sadaka requests a rate of $362.95 for work performed in 2015 and 2016. However, the undersigned recently awarded Mr. Sadaka a rate of $350 per hour for 2014 and 2015.

Purgason v. Sec'y of Health & Human Servs., No. 12-465V, 2016 WL 4013680, at *2 (Fed. Cl. Spec. Mstr. 2016).  The undersigned finds that same rate appropriate in this case for work performed by Mr. Sadaka in 2014 and 2015 and will reduce Mr. Sadaka's fees for the 12.30 hours of work performed in 2015 accordingly, for a reduction of $159.29.  The undersigned finds the requested rates for work performed from 2012-2013 and in 2016 reasonable.  The 2016 requested rate of $362.95 per hour is an increase of approximately 3.7% over the awarded 2015 rate of $350 per hour, and is consistent with the annual adjustment based on attorney fee inflation applied in McCulloch.  2015 WL 5634323, at *16.  The requested rates for Mr. Sadaka's associates, Anna Sweeney and Andrew Pinon, are in line with McCulloch rates and are reasonable.  Likewise, the requested paralegal rates are consistent with McCulloch rates and are also reasonable with the exception of Ms. Congiusti's requested rate of $140 per hour for work performed in 2012.  It is not clear why Ms. Congiusti billed her 2012 work at a rate of $140 per hour, but billed her 2013 work at a rate of $130.01 per hour.  Ms. Congiusti's 4.5 hours of work performed in 2012 work will be compensated at a rate of $130.01 per hour, for a reduction of $44.95.

### ii.     Hours Expended

On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.  Respondent makes a general suggestion that "[b]ased on a survey of interim fee awards in other cases and her experience litigating Vaccine Act claims, a reasonable amount for fees and costs in the present case, given its procedural posture, would fall between $35,000.00 and $40,000.00."  Resp. Response at 3.  In support of the suggested range, respondent cites Holmes and Rich, cases in which $50,000 in interim attorneys' fees and costs were awarded following an entitlement hearing, and $45,358.69 in interim attorneys' fees and $4,771.31 in interim costs were awarded following an onset hearing, respectively.  Resp. Response at 3-4 (citing Holmes, 2011 WL 1043473, at *3; Rich, 2015 WL 1743997, at *1).  The undersigned is impressed, however, that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to general similarities of procedural history or other general category of cases.  The time records of counsel provide the best evidence of hours expended, and in this case those hours appear reasonable.  In addition, the undersigned notes that much of the work on this case was performed by paralegals at paralegal rates.  See generally, Pet. App., Exhibit A.

### iii.    Costs

The requested costs, which include costs for medical records, the court filing, and three expert reports, are also reasonable.  See id.  This case involves multiple complex medical conditions and extensive expert evaluation has been necessary for petitioners to develop their theory of causation and prepare for entitlement hearing.  In addition, because of the complexity of S.Y.'s condition, the medical records in this case were extensive and costly.

## III.   Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of **$60,882.40** reasonable.

Pursuant to 42 U.S.C. § 300aa-15(e), the undersigned awards attorneys' fees and costs as follows:

**(1) A lump sum of $60,882.40 in the form of a check payable jointly to petitioners and petitioner's attorney, Mark T. Sadaka, of Mark T. Sadaka, LLC, for interim attorneys' fees and costs; and**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[2]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.