# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 17, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| JAMILEH BERENJI and BAHMAN | * | |
| YOUSEFI, *on behalf of* S.Y., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-699V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Mark T. Sadaka</u>, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
<u>Kyle E. Pozza</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 30, 2019, Jamileh Berenji and Bahman Yousefi ("Petitioners") filed a second motion for interim attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 120). While that motion was pending, on March 13, 2020, Petitioners filed a motion for final attorneys' fees and costs which incorporated the pending interim motion. ECF No. 124. For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$92,797.67**.

   I.   **Procedural History**

On August 4, 2014, Petitioners filed a petition in the National Vaccine Injury

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Compensation Program on behalf of their minor child, S.Y.[2] S.Y received influenza, measles-mumps-rubella, varicella, and pneumococcal conjugate vaccines on October 17, 2011. Petitioners alleged that those vaccines significantly aggravated S.Y.'s pre-existing asymptomatic Evans syndrome and that significant aggravation included a multitude of phenomena including but not limited to autoimmune hepatitis and pulmonary veno-occlusive disease. Petition (ECF No. 1).

On May 29, 2019, I issued a decision denying compensation to Petitioners. *Berenji v. Sec'y of Health & Human Servs.*, No. 14-699V, 2019 WL 2572596 (Fed. Cl. Spec. Mstr. May 29, 2019). On June 21, 2019, Petitioners filed a motion for reconsideration of the original new decision based on new evidence and medical literature. ECF No. 101. After further briefing on the matter, I denied Petitioners' motion on August 30, 2019. Petitioners then filed a motion for review, which was denied by the Court of Federal Claims on January 24, 2020. *Berenji v. Sec'y of Health & Human Servs.*, 146 Fed. Cl. 718 (Fed. Cl. 2020).

On December 30, 2019, while their motion for review was pending, Petitioners filed a motion for attorneys' fees and costs. While that motion was pending, the Court of Federal Claims denied Petitioners motion for review. On March 13, 2020, Petitioners filed a final motion for attorneys' fees and costs, incorporating their pending second interim motion. In sum, Petitioners requests compensation for their attorney, Mr. Mark Sadaka, in the total amount of $94,274.67, representing $67,328.87 in attorneys' fees and $26,945.80 in costs. Respondent failed to respond to either the second interim motion or the final motion for attorneys' fees and costs.

The matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, in awarding interim fees previously, I found that both good faith and reasonable basis existed. Although Petitioners' claim was ultimately unsuccessful, the matter necessitated an entitlement hearing and multiple rounds of expert reports. The undersigned also finds that Petitioners' motion for review was reasonable as was their appeal to the Court of Federal Claims. Respondent has failed to provide any argument as to why reasonable basis would not exist in the instant case. Accordingly, a final award of fees and costs in this matter is proper.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

### a. Attorneys' Fees

Petitioners request the following rates for the work of their counsel, Mr. Mark Sadaka: $362.95 per hour for work performed in 2016, $376.38 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, and $405.00 per hour for work performed in 2019. These rates are consistent with what Mr. Sadaka has previously been awarded for his Vaccine Program work, and the undersigned finds them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of **$67,328.87**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $26,945.80. This amount is comprised of work performed by Dr. M. Eric Gershwin in preparing expert reports and attending the entitlement hearing, travel costs for Mr. Sadaka, transcript services, and postage.

Although Dr. Gershwin's billing records are far from a model of clarity, given the large amount of work ultimately required of him in this case, the total number of hours billed appears to be reasonable. However, it appears as though Dr. Gershwin billed his travel time at his full rate, rather than one-half of that rate as is customary in the Vaccine Program absent a claim that work was being performed while traveling. *See Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) ("[E]xpert travel time is compensated at one-half the expert's standard hourly rate absent a showing that they spent their travel time working on the matter in question."). Because Dr. Gershwin billed a total of four hours for travel, the undersigned shall reduce the requested attorneys' costs by $1,000.00.

The costs incurred by Dr. Gershwin also require further reduction. First Dr. Gershwin requests two days of per diem at $150.00 per day for meals, for a total of $300.00 for the two days he spent in San Francisco to attend the entitlement hearing. Fees App. Ex. 2 at 8. Dr. Gershwin did not provide any receipts to support the requested meal costs, so I was required to research the GSA Meals & Incidentals breakdown for San Francisco in 2017, which considers per diem to be $74.00 per day.[3] I shall reimburse Dr. Gershwin's meals at the GSA rate, resulting in a reduction of $152.00. Also requiring reduction is the $650.00 requested by Dr. Gershwin for "Town car or UBER from Davis to SF." Fees App. Ex. 2 at 8. I have previously reduced requests for costs when they contain upgraded methods of travel such as black car service. *See, e.g., Davis v. Sec'y of Health & Human Servs.*, No., 2019 WL 2281748, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2019). I also note that Dr. Gershwin did not provide any receipts to support his travel costs. As I have in the

---

[3] *See* PER DIEM RATES LOOK-UP, available at https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=CA&fiscal_year=2017&zip=&city=San%20Francisco.

past, I shall reduce the requested amount for travel by 50%, resulting in a reduction of $325.00.

Petitioners have provided adequate documentation supporting all the remaining costs, and all appear reasonable in my experience. Petitioners are therefore awarded final attorneys' costs of $25,468.80.

III. **Conclusion**

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $67,328.87 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$67,328.87** |
| | |
| Attorneys' Costs Requested | $26,945.80 |
| (Reduction of Costs) | - ($1,477.00) |
| **Total Attorneys' Costs Awarded** | **$25,468.80** |
| | |
| **Total Attorneys' Fees and Costs** | **$92,797.67** |

**Accordingly, I award a lump sum in the amount of $92,797.67, representing reimbursement for Petitioners' attorneys' fees and costs, in the form of a check payable to Petitioners and their attorney, Mr. Mark Sadaka.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).